UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA CHURCH and ISAAC LEROY CHURCH,

    Plaintiffs,

v.                                                                         Case No.: 2:25-cv-92-SPC-NPM

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## OPINION AND ORDER

    Before the Court is Defendant Wells Fargo Bank, N.A.'s Supplement to Notice of Removal. (Doc. 13). For the below reasons, the Court remands.

    "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendant invoked diversity jurisdiction to remove this action. A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

    Because Plaintiffs Cynthia and Isaac Church seek only the state court jurisdictional amount in their complaint, Defendant was required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). But in its notice of removal, Defendant

provided no evidence supporting the amount in controversy. (*See generally* Doc. 1). Defendant cited only the complaint and the civil cover sheet. (*Id.* ¶ 5). This was insufficient. *See Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla. Apr. 9, 2021) (A civil cover sheet "is not a verified pleading or material evidence on the amount-in-controversy."). Given this deficiency, the Court ordered Defendant to supplement its notice of removal or otherwise show cause why the Court should not remand. (Doc. 5). Defendant has since supplemented its notice of removal. (Doc. 13).

Defendant's supplement does not establish this Court's jurisdiction. Rather than provide sufficient evidence that the amount in controversy exceeds $75,000, Defendant has provided (1) a stipulation and (2) amounts recovered in other discrimination lawsuits. (Doc. 13 at 1–7). This won't work.

First, the parties stipulate that "[t]he amount in controversy exceeds $75,000." (Doc. 12 ¶ 3). To the uncritical eye, this may seem conclusive on the point. Not so. "Because jurisdiction cannot be conferred by consent, the district court [is] leery of any stipulations the parties offer concerning the facts related to jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). This is particularly true when a plaintiff stipulates that the amount in controversy exceeds the jurisdictional threshold. After all, to affect jurisdiction, "[s]tipulations must be binding." *Standard Fire Ins. v. Knowles*,

568 U.S. 588, 592 (2013). And Plaintiffs' stipulation that the amount in controversy exceeds $75,000 in no way binds Defendant to a minimum damages amount. For these reasons, the stipulation cannot carry Defendant's evidentiary burden. *See, e.g.*, *Johnson v. Wal-Mart Stores E., LP*, No. CV 617-003, 2017 WL 959584, at *1 (S.D. Ga. Mar. 10, 2017) ("The Court is also unpersuaded that the parties' stipulation satisfies § 1332's amount-in-controversy requirement.").

Second, Defendant points to other discrimination lawsuits. Defendant cites several unrelated lawsuits for their large compensatory damages awards. (Doc. 13 at 3–5). But these awards show nothing about the amount in controversy *here*. Defendant even acknowledges that the cited lawsuits "are employment discrimination cases and the facts of Plaintiffs' case do not fit squarely within them." (*Id.* at 5). Similarly, Defendant points to opinions awarding punitive damages and attorney's fees but says nothing about what *Plaintiffs* are seeking in punitive damages or have incurred in attorney's fees. These shortcomings are particularly problematic here, where Defendant has offered nothing but a civil cover sheet and a stipulation on the amount in controversy.

The Court gave Defendant a chance to prove the amount in controversy exceeds $75,000. Defendant has not carried its burden. Without the amount in controversy satisfied, the Court lacks jurisdiction and must remand.

3

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Charlotte County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record